OPINION OF THE COURT
Theodore Diamond, J.
1. Trial of this Housing Code enforcement case, for a penalty judgment and an order to correct violations, ended on February 9 and a copy of my opinion of February 13 was mailed to both attorneys that day. In the absence of suggestions to the contrary, I assume it arrived no later than February 18. It required the Department of Housing Preservation and Development (HPD) to settle a judgment and order.
2. By notice of settlement dated and served by mail on May 15, received by me on May 17, HPD presented a proposed judgment and order based upon that opinion, to be settled on May 23. There was no opposition. Did the proposed judgment *1062 comply with Uniform Rules for Trial Courts (22 NYCRR) § 208.33, dealing with submission of "orders, judgments * * * for signature”? See the recent application of the rule in Kobryn v Mirador Homes (NYLJ, May 14, 1990, at 30, col 5 [Civ Ct, Richmond County]).
3. Legislative history is not helpful. We first find it mentioned, in slightly different form, in the Office of Court Administration’s (OCA) Proposed Uniform Rules for New York State Trial Courts (Jan. 1984). It required service of judgments in 30 days. OCA’s January 1984 commentary to the proposed rules (a separate volume) said only that section 208.33 was new, but "substantially the same” as proposed Supreme/County Court Civil Rules § 202.48. The January 1984 commentary for section 202.48 says it was based on Supreme Court rules in the 1st District, in Queens, and numerous local courts. The submission was required in 30 days, and "failure to submit the judgment timely is deemed an abandonment of the matter, unless good cause is shown.” Of course, upon further consideration, the proposed 30 days were changed to 60 days.
4. Section 208.33 (c) provides that when settlement of the judgment is by mail, it shall be served 10 days before the date of settlement. This judgment was mailed only eight days before settlement.
5. Section 208.33 (c) (1) provides that "a copy of the proposed * * * judgment with notice of settlement * * * shall be served”. While I suspect that this was done, the May 15, 1990 affidavit of service says that the "notice of settlement” was served; it says nothing about the judgment.
6. Section 208.33 (a) says that the proposed judgments must be submitted "within 60 days after the signing and filing of the decision directing that the order be settled”. My decision of February 13 must have been received by HPD in a week. HPD took at least 90 days before serving the first proposed judgment.
7. About that time HPD appeared and mentioned the proposed judgment, advising that the notice of settlement may have been mailed to landlord’s attorney’s prior address. I mentioned that in recent discussion with landlord’s attorney, he indicated that he had not received anything. HPD advised that it would re-serve appropriate papers.
8. It is now more than 40 days since May 23, when the judgment was first noticed for settlement. I have received no *1063 new papers from HPD. It is more than 140 days since my February 13 opinion was filed. The matter is abandoned; the papers are filed (Schultz v Holzherr, NYLJ, June 28, 1990, at 29, col 1 [App Term, 2d Dept]).